IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles Andrae Grayton, | ) | Case No. 8:11-2576-CMC-JDA |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| v. | ) | |
| | ) | |
| Director William Byars[1]; Warden Lieber | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.

[Doc. 21.] Petitioner, proceeding pro se, is a state prisoner who seeks relief pursuant to

Title 28, United States Code, Section 2254. Pursuant to the provisions of Title 28, United

States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate

judge is authorized to review post-trial petitions for relief and submit findings and

recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on August 22, 2011.[2] [Doc. 1.]

On January 17, 2012, Respondent filed a motion for summary judgment and a return and

memorandum. [Docs. 20, 21.] On January 18, 2012, the Court filed an Order pursuant to

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Petitioner of the summary

---

[1] Because a prisoner's custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), Respondent Director William Byars was terminated as a party and Respondent Warden Lieber Correctional Institution was added as a party on September 30, 2011, pursuant to the Court's Order authorizing service of process. [Doc. 8.] Accordingly, throughout this Report and Recommendation, the Court will refer to Respondent Warden Lieber Correctional Institution as "Respondent."

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on August 22, 2011. [Doc. 1 (Petition dated August 22, 2011); Doc. 1-2 (envelope stamped as received by the Lieber Correctional Institution mailroom on August 24, 2011).]

judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 22.] On February 29, 2012, Petitioner filed a motion to stay this action. [Doc. 29.] On April 30, 2012, Petitioner filed a response in opposition to the motion for summary judgment [Doc. 44], as well as a motion to expand the record [Doc. 45], a motion for hearing [Doc. 46], and a motion to amend/correct his Petition[3] [Doc. 47].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is currently incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Orangeburg County. [Doc. 1 at 1.] On January 5, 2004, Petitioner was indicted for two counts of criminal sexual conduct with a minor in the first degree. [App. 273–76.] Petitioner proceeded to trial, where he was represented by Gene Stockholm ("Stockholm"). [App. 1.] On January 21, 2004, Petitioner was found guilty as indicted. [App. 179–80.] On January 30, 2004, Petitioner was sentenced to twenty-five years' imprisonment. [App. 191.]

**Direct Appeal**

Petitioner filed a direct appeal, where he was represented by Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense. [Doc. 20-2 at 1.] Petitioner raised the following issues to the South Carolina Court of Appeals:

---

[3] The Court denied Petitioner's motion to amend/correct the Petition by a docket Text Order entered May 21, 2012. [Doc. 50.]

1.     Did the trial court lack subject matter jurisdiction to convict appellant, where the two indictments for criminal sexual conduct are identical and fail to identify a victim and where the time of the offense is only identified as "the year 2000?"

2.     Did the trial court err in excluding evidence - a letter from appellant to the victim's mother - which would have placed the state's damaging evidence in context and explained why appellant stated "maybe I should have raped the girls."

[*Id.* at 4.]  On August 22, 2005, the South Carolina Court of Appeals affirmed Petitioner's convictions and sentences. [Doc. 20-4.]  Remittitur was issued on September 8, 2005. [Doc. 20-5.]

**PCR Proceedings**

Petitioner filed an application for post-conviction relief ("PCR") on June 27, 2006. [App. 195–209.]  Petitioner alleged he was unlawfully being held in custody due to ineffective assistance of counsel, specifically presenting the following issues:

Whether trial counsel rendered ineffective assistance of counsel in violation of United States Constitution and South Carolina Law;

Whether trial counsel was ineffective for failing to object to Criminal Sexual Conduct indictments that fail to adequately inform defendant by omitting name of victim?

[App. 196, 203.]

On November 7, 2007, an evidentiary hearing was held concerning Petitioner's PCR application, and Petitioner was represented at the hearing by Belinda Davis-Branch.  [App. 216–66.]  On December 4, 2007, the PCR court issued an order of dismissal, denying and dismissing Petitioner's PCR application with prejudice.  [App. 267–72.]  The PCR court noted that, at the hearing, Petitioner presented ineffective assistance of counsel claims based on Stockholm's failure to review the charges with Petitioner and to object at trial to

3

a letter written by Petitioner.  [App. 269.]  The PCR Court concluded Stockholm was effective in all aspects of his representation and denied Petitioner's two allegations of ineffective assistance of counsel.  [App. 271.]

On June 27, 2008, Joseph L. Savitz ("Savitz"), Chief Appellate Defender of the South Carolina Office of Indigent Defense, filed a petition for writ of certiorari in the South Carolina Supreme Court on Petitioner's behalf.  [Doc. 20-9.]  The petition asserted the following as the sole question presented:

> Defense counsel did not provide effective assistance at trial when he allowed the State to introduce a letter from [Petitioner] to his wife, the mother of the complaining witness, which stated, "Maybe I should have raped the girls and then you would have come back to me," since this evidence was irrelevant and inadmissible under Rules 401 and 402, SCRE, and incredibly prejudicial and inadmissible under Rule 403, SCRE.

[*Id.* at 3.]  The matter was transferred to the South Carolina Court of Appeals [Doc. 20-11], and on March 26, 2010, the Court of Appeals denied the petition for writ of certiorari [Doc. 20-12].  Remittitur was issued on April 13, 2010.  [Doc. 20-13.]

**Habeas Petition**

Petitioner filed this Petition for writ of habeas corpus on August 22, 2011 pursuant to 28 U.S.C. § 2254.  [Doc. 1.]  Petitioner raises the following grounds for relief, quoted substantially verbatim:

**Ground One**:    The trial court lacked subject matter jurisdiction to try Petitioner for the two counts of CSC 1st w/minor.

*Supporting Facts*:    The indictment(s) failed to sufficiently state the offense(s); conflicted on the date of the offense(s); and did not sufficiently place Petitioner on notice of the elements and/or facts upon which he must defend.

4

**Ground Two**: The trial court erred when it excluded Petitioner's proffered testimony.

*Supporting Facts*: On in-camera cross-examination, the complainant testified to circumstances surrounding grounds for [her] previous prejudicial trial testimony because the in camera testimony was consistent with the innocence of Petitioner in these crime(s).

**Ground Three**: Trial counsel failed to provide effective assistance of counsel.

*Supporting Facts*: Trial counsel failed to object to introduction into evidence of a prejudicial letter from Petitioner to his former spouse (Complainant), which was inadmissible.

[*Id*.] As previously stated, on January 17, 2012, Respondent filed a motion for summary judgment. [Doc. 21.] On April 30, 2012, Petitioner filed a response in opposition. [Doc. 44.]

Additionally, as previously noted, Petitioner has filed (1) a motion to stay this action pending review of a subsequent post-conviction review application in state court [Doc. 29]; (2) a motion to expand the record [Doc. 45]; and (3) a motion for hearing [Doc. 46]. Petitioner's motions concern his alleged discovery of new evidence that establishes he is actually innocent. Specifically, Petitioner alleges the mother of the victim of his crimes has published a book that demonstrates someone else committed the crimes. Through his motions, Petitioner seeks to have the book admitted as evidence; to hold a hearing where the mother and the alleged perpetrator of the crimes can establish Petitioner's factual innocence; and to stay this action until he exhausts a claim of actual innocence.

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

***Generally***

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

8

jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

#### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>         (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>         (B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the

judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007).[4]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the Supreme Court actually reached the merits of the claim.

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing

_____

[4]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting

12

*Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional

claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Murray*, 477 U.S. at 492.  To show actual prejudice, the petitioner must demonstrate more than plain error.  *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice.  To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent.  *See Murray*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent").  Actual innocence is defined as factual innocence, not legal innocence.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To pass through this actual innocence standard, the petitioner's case must be truly extraordinary.  *Murray*, 477 U.S. at 496.

### *Statute of Limitations*

Under the AEDPA, petitioners have one year to file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

14

> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

*Id.* § 2244(d)(1)(A)–(D). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (alteration in original)). In *Pace*, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. *Id.* at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

The Supreme Court recently recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace*, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case" such that the limitations period is not strictly applied. *Id.* at 2563.

## **DISCUSSION**

**Time Bar**

Respondent contends the Petition is time-barred pursuant to § 2244(d)(1). The Court agrees.

### ***Expiration of Limitations Period***

The South Carolina Court of Appeals issued remittitur in Petitioner's direct appeal on September 8, 2005. [Doc. 20-5.] Consequently, Petitioner had one year from September 9, 2005, the day after remittitur was issued by the Court of Appeals, to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). Petitioner filed an application for state post-conviction review on June 27, 2006 [App. 195–209], such that 291 days of the one-year limitations period had passed before Petitioner filed his PCR application. The one-year period in which to file a federal habeas petition is tolled during the pendency of an application for post-conviction or other collateral relief properly filed in state court, 28 U.S.C. § 2244(d)(2), and Respondent concedes the statute of limitations was tolled during the period the PCR application was pending—from June 27, 2006 until April 13, 2010, when the South Carolina Court of Appeals issued remittitur in the appeal from the denial of Petitioner's PCR application [Doc. 20 at 11; Doc. 20-13]. Therefore, the one-year limitations period began to run again on April 14, 2010 and expired 74 days later on June 26, 2010.[5] As a result, the Petition—filed on August 22, 2011, more than 13 months after the expiration of the limitations period—is time-barred.

---

[5] Pursuant to Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, when calculating time, the last day of the period must be included, "but if the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Because June 26, 2010 was a Saturday, Petitioner had until Monday, June 28, 2010 to file a petition for writ of habeas corpus in federal court.

### *Equitable Tolling*

Petitioner concedes his petition is time-barred but argues he is entitled to equitable tolling until July 15, 2011, the date he was notified of the denial of his petition for writ of certiorari by the South Carolina Court of Appeals. [Doc. 44 at 6–9.] Petitioner contends only Savitz received notification of the April 13, 2010 remittitur, and after Petitioner attempted to contact Savitz, he received a letter from the Office of Appellate Defense accepting responsibility for the failure to notify Petitioner of the decision of the Court of Appeals. [*Id.* at 7.] The letter indicates Savitz retired, and through administrative error, Petitioner was not notified of the denial of his petition for writ of certiorari. [Doc. 1-1 at 1.] Petitioner argues that if the AEDPA statute of limitations is tolled until July 15, 2011, his Petition filed on August 22, 2011 is timely. [Doc. 44 at 7.]

As the United States Supreme Court has recognized:

> Under our system of representative litigation, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R. Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1880)). . . . Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725, 80 L.Ed.2d 196 (1984).

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92, 96 (1990) (footnotes omitted). The Fourth Circuit has underscored the very limited circumstances in cases subject to the

AEDPA where equitable tolling will be permitted, holding a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).[6]

Here, Petitioner relies on an error by counsel Savitz and/or the South Carolina Commission on Indigent Defense Division of Appellate Defense to establish Petitioner is entitled to equitable tolling.[7] As explained above, only extraordinary circumstances will

---

[6] Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly. *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ( "[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).

[7] Liberally construing Petitioner's submissions to the Court, Petitioner also argues he is entitled to equitable tolling because newly discovered tolling evidence establishes he is actually innocent. [*See* Docs. 29, 44, 45, 46, 47.] Neither the United States Supreme Court nor the Fourth Circuit have addressed whether actual innocence is a ground that would warrant equitable tolling. *See, e.g.*, *Blakney v. United States*, No. 4:11-cv-70024-RBH, 2011 WL 1113468, at *4 n.10 (D.S.C. Mar. 24, 2011) ("'There is no authority in [the Fourth]

allow equitable tolling of a lapsed AEDPA time period, and attorney error usually is not an extraordinary circumstance. However, the Court finds this case presents a close question of whether Petitioner's failure to timely file his Petition was due to extraordinary circumstances beyond his control; the letter Petitioner received informing him of the denial of his petition for writ of certiorari suggests others represented by the Commission on Indigent Defense were notified of the disposition of cases handled by Savitz, but Petitioner's case was overlooked. [*See* Doc. 1-1 at 1.] Thus, as discussed below, the Court has considered the Petition as if equitable tolling applied to overcome the time bar.

**Procedurally Barred Grounds**

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is a petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

---

Circuit or the Supreme Court that supports Petitioner's contention that actual innocence constitutes grounds for equitable tolling of the one-year AEDPA limitation.'" (citation omitted)); *Dotson v. Warden, McCormick Corr. Inst.*, No. 4:08-3807-HFF-TER, 2009 WL 1118425, at *10–11 (D.S.C. Apr. 24, 2009) (discussing *Bozeman v. Kershaw Correctional Institution*, 2006 WL 516734 (D.S.C. Mar. 1, 2006), and agreeing that a "petitioner's argument that the claim of actual innocence should toll the statute of limitations is without merit"). However, multiple other circuits have concluded there is no such exception. *See, e.g.*, *Lee v. Lampert*, 610 F.3d 1125, 1130–31 (9th Cir. 2010) ("In light of the absence of a presumption in favor of an actual innocence gateway, we believe the best reading of the statute is that it does not include an unenumerated actual innocence gateway."); *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) ("Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action."); *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003) ("In general, defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming: pre-trial motions must be filed on time, timely appeals must be lodged, and habeas claims must conform to AEDPA. In particular, the statutory one-year limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly knew how to provide such an escape hatch." (footnote omitted)); *Flanders v. Graves*, 299 F.3d 974, 976–78 (8th Cir. 2002) (determining a petitioner's alleged actual innocence is not a circumstance sufficient to toll the statute of limitations, absent other circumstances for which equitable tolling is usually allowed); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding a petitioner's actual innocence claim did not constitute a rare and exceptional circumstance justifying equitable tolling of the AEDPA limitations period). *But see Souter v. Jones*, 395 F.3d 577, 599–600 (6th Cir. 2005) (determining "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate . . . [and] consistent with the underlying principles of AEDPA").

Here, Respondent argues Ground One is procedurally barred because Petitioner failed to preserve that issue for review on direct appeal and Ground One does not state a cognizable claim for federal habeas relief. [Doc. 20 at 14–15.] Further, Respondent argues Ground Two is procedurally barred because it does not state a cognizable claim for federal habeas relief and the South Carolina Court of Appeals decided this issue on purely state law grounds. [*Id.* at 15–17.] Finally, Respondent contends Petitioner has failed to demonstrate cause and prejudice sufficient to overcome the procedural bar. [*Id.* at 17–19.] The Court agrees Grounds One and Two are procedurally barred, and Petitioner has failed to overcome the procedural bar.

Notwithstanding Respondent's arguments, Grounds One and Two are procedurally barred because Petitioner failed to raise these grounds for relief to the highest state court. Grounds One and Two were raised to the South Carolina Court of Appeals on direct appeal [Doc. 20-2] but were not presented to the South Carolina Supreme Court in a subsequent appeal. Because Grounds One and Two were not fairly presented to the South Carolina Supreme Court, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. In this case, Petitioner has failed to articulate cause for procedurally defaulting Grounds One and Two. Petitioner

filed a direct appeal to the South Carolina Court of Appeals in which he raised these issues, but he did not pursue a further appeal or raise these issues in his PCR application. Thus, Petitioner has failed to demonstrate sufficient cause for failing to raise Grounds One and Two to the South Carolina Supreme Court.

However, liberally construing his submissions to the Court, Petitioner argues his actual innocence should excuse his procedural default of Grounds One and Two. [*See* Docs. 29, 44, 45, 46, 47.] Claims of actual innocence are subject to a demanding standard. *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998). To be credible, an actual innocence claim must be supported by "new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "A reviewing court must evaluate the new evidence alongside any other admissible evidence of the defendant's guilt . . . and may grant relief only where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Wilson*, 155 F.3d at 404–05 (quoting *Murray*, 477 U.S. at 496) (internal citation omitted).

Here, Petitioner has failed to demonstrate his new evidence is a reliable indicator of his alleged innocence. Petitioner contends the victim's mother has written a book in which the mother essentially recants her testimony against Petitioner and indicates someone else committed the crimes. [*See* Docs. 29, 44, 45, 46, 47.] However, Petitioner has failed to establish that the book is autobiographical and non-fictional; thus, the Court cannot accept the book as reliable evidence of Petitioner's alleged innocence. Therefore, Petitioner has failed to meet his burden of showing sufficient cause and prejudice or actual innocence to overcome a procedural bar, and Grounds One and Two are procedurally

barred from consideration by a federal habeas court and should be dismissed. *See Murray*, 477 U.S. at 496.

**Merits of Remaining Ground**

In his third ground for relief, Petitioner argues his trial counsel rendered ineffective assistance because he failed to object to the introduction of a prejudicial letter from Petitioner to his former spouse. The Court concludes Petitioner is not entitled to federal habeas corpus relief based on the allegations raised in Ground Three.

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule

but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir.2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir.2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[8] *Richter*, 131 S. Ct. at 785. "A state court must be granted a deference and

---

[8] In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. The Supreme Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court held an evidentiary hearing, made findings as to the credibility of the witnesses, and outlined a factual basis for declining to find Stockholm's representation fell below the *Strickland* standard. [App. 267–72.] The PCR court found

> counsel was effective in all aspects of his representation. Specifically, this Court finds counsel articulated a valid trial strategy for not objecting to the letter. This Court also finds counsel implemented a valid strategy in not calling Mr. Fairey as a witness. This Court further finds counsel attempted to interview witnesses, however, [Petitioner] failed to meet with counsel and witnesses as requested.

[App. 271.]

Upon review, the Court determines the PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR

24

court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent. Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland.* For example, Stockholm testified at the PCR hearing that it was his trial strategy not to call Mr. Fairey, and Petitioner had not presented other witnesses to Stockholm. [App. 237–38.] Stockholm also testified he made objections were appropriate, and he did not object to the letter because his strategy was to cross-examine the victim's mother regarding the letter. [App. 238–39.] The PCR court, who heard the testimony and had the opportunity to observe the witnesses, determined Stockholm was credible but Petitioner was not credible. [App. 270.] Therefore, the Court finds the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief based on Ground Three.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment [Doc. 21] be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 30, 2012
Greenville, South Carolina